IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERITAGE DEVELOPMENT CORPORATION,<br><br>               Plaintiff,<br><br>   v.<br><br>JOHN NOVANNISIAN, et al.,<br><br>               Defendants. | CIV- F-04-6667 AWI<br><br>ORDER DISMISSING ACTION<br><br>ORDER VACATING MARCH 5, 2007 HEARING<br><br>(Document #15) |

On January 6, 2007, the Clerk of the Court ordered Plaintiff to show cause why this action should not be dismissed for Plaintiff's failure to prosecute, and set a hearing for March 5, 2007. On February 28, 2007, Plaintiff filed a notice of voluntary dismissal of this action.

Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

Defendants have not filed an answer to Plaintiff's appeal and no motion for summary

judgment has been filed in this case. Because Plaintiff has exercised his right to voluntarily dismiss this action, this case has terminated.

Therefore, Plaintiff's request to dismiss this action is GRANTED. The Clerk of the Court is DIRECTED to close this action in light of Plaintiff's Rule 41(a)(1) voluntary dismissal. The March 5, 2007 hearing is VACATED.

IT IS SO ORDERED.

**Dated:**   **February 28, 2007**                **/s/ Anthony W. Ishii**
0m8i78                                         UNITED STATES DISTRICT JUDGE